# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

WALTER LOUISSAINT,

    Petitioner,

v.

WARDEN FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-111

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Walter Louissaint ("Louissaint"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 9), and Louissaint filed a Reply in Support of his petition. (Doc. 13.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Louissaint's Petition and **CLOSE** this case.

## BACKGROUND

Louissaint was convicted in the Southern District of Florida, after a jury trial, for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 9-3, p. 2.) According to the Presentence Investigation report ("PSI"), Louissaint was classified as an armed career criminal under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or "ACCA"), based upon his prior convictions for car-jacking and two robberies.[1] (Id.) The United States

---

[1] Under the ACCA, a defendant who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or "violent felonies" committed on separate occasions. 18 U.S.C. § 924(e)(1); see also United States v. Samuel, 580 F. App'x 836, 841 (11th Cir. 2014). Without Section 924(e)'s enhancement, Louissaint would have been subject to a maximum term of ten years in prison. See Bryant v. Warden, FCC

District Court for the Southern District of Florida court sentenced him to 180 months' imprisonment in light of his ACCA enhancement. (Doc. 9-5, p. 3.)

Louissaint filed an appeal, arguing that the ACCA was not applicable to his conviction under 18 U.S.C. § 922(g)(1) because, *inter alia*, the underlying felonies were not "violent offenses" for ACCA purposes. United States v. Louissaint, 407 F. App'x 378 (11th Cir. 2011). Louissaint contended that his convictions did not qualify as three separate violent offenses because he committed the two robberies and car-jacking as part of a "common scheme" and received a sentence of less than one year for the offenses. Id. at 380–81. Louissaint also argued the robberies and car-jacking did not qualify as violent offenses under the ACCA because he was a juvenile at the time of his conviction. Id. The Eleventh Circuit Court of Appeals rejected Louissaint's arguments and affirmed his conviction. Id. at 382.

Louissaint then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Florida. (Doc. 9-6.) Louissaint asserted nine claims for relief, which included eight claims of ineffective assistance of counsel and one claim of prosecutorial misconduct. (Id.) The district court denied each of Louissaint's claims on October 10, 2014. (Doc. 9-9.)

## DISCUSSION

In his current Petition, which was filed on August 6, 2015, Louissaint argues that, pursuant to the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015), he was wrongly sentenced as an armed career criminal. (Doc. 1, pp. 3, 11.) First, Louissaint asserts his convictions under Florida law for robbery no longer qualify as violent felonies under the ACCA's residual clause. (Doc. 1-1, p. 2.) In the alternative,

---

Coleman-Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years.").

Louissaint asserts that he did not use a "weapon," as defined by Florida law, and is, therefore, not guilty of committing the violent felony of robbery in the first degree.[2] As a result, Louissaint contends he does not have the requisite number of qualifying previous felonies to have received an enhanced sentence under the ACCA.[3] (Id. at p. 10.)

Respondent contends, regardless of the applicability of Johnson, Louissaint cannot satisfy his burden of establishing his entitlement to relief pursuant to Section 2255(e)'s savings clause, and his Petition should be dismissed as a result. Respondent specifically contends the restrictions against filing a second or successive Section 2255 motion do not render the remedy afforded by Section 2255 inadequate or ineffective to challenge the legality of his confinement. (Doc. 9, p. 5.) Respondent further contends the 2015 Johnson decision does not permit Louissaint to proceed with his Section 2241 petition because his sentence was not enhanced by application of the residual clause under the ACCA. (Id. at pp. 8–9.) As a result, Respondent asserts Louissaint was sentenced properly as an armed career criminal. (Id.) In his Response, Louissaint reiterates his argument that his underlying convictions for robbery did not involve "violent" force and, therefore, his enhanced sentence under the ACCA was improper.

## I.  Whether Louissaint can Proceed Pursuant to Section 2241

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis

---

[2] Louissaint contends that because he used a "BB gun" during the commission of the robberies and "BB guns" are not included in the list of enumerated weapons under Fl. Stat. Ann § 790.001(13), that he did not commit a violent offense.

[3] Louissaint also reasserts arguments of ineffective assistance of counsel and prosecutorial misconduct, which he raised previously in his § 2255 Petition. (Doc. 1, pp. 6–8.)

omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). Because Louissaint's previous Section 2255 motion was denied by the court that imposed his sentence, he may not file another Section 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which he has not done. 28 U.S.C. § 2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").

Rather than seeking permission to file a second 2255 motion from the Eleventh Circuit Court of Appeals, Louissant filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a Section 2241 petition may be filed, Louissant implicitly asserts that he properly filed this motion under Section 2241 because he is "actually innocent" of being an armed career offender. (Doc. 1, pp. 8–11.) Specifically, Louissaint asserts that due to the Supreme Court's 2015 decision in Johnson, his convictions under Florida law for robbery no longer qualify as violent felonies under the ACCA's residual clause. (Doc. 1-1, p. 2.)

Under Section 2255(e)'s "savings clause," a prisoner may file a Section 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "savings clause."

In Bryant, the Eleventh Circuit articulated the requirements a petitioner must meet in order to proceed under the savings clause with a Section 2241 petition that raises sentencing claims. 738 F.3d 1253. The petitioner must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim.[4] Bryant, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in

---

[4] Respondent does not address the five Bryant factors in his brief. Rather, he argues for a different interpretation of "inadequate or ineffective" under the savings clause. (Doc. 9, pp. 3–6.) Specifically, he contends that "Section 2255 may be 'inadequate or ineffective' when a defendant is categorically deprived of any opportunity to ever assert a new claim under its provisions – for example, where the prisoner already has litigated a § 2255 motion and wishes to pursue a second or successive such motion based on a new retroactive construction of the terms of a statute or treaty." (Id. at p. 4.) He argues that petitioners, like Louissaint, who rely upon new rules of constitutional law have an avenue for relief under 28 U.S.C. § 2255(h). (Id. at pp. 4–6.) Thus, Respondent contends, Section 2255 is not "inadequate of ineffective" to address Louissaint's arguments of constitutional law. Id. Therefore, Respondent's line of reasoning continues, Louissaint should not be allowed to rely upon the savings clause but instead should petition the Eleventh Circuit for permission to proceed under Section 2255(h). Id. Respondent notes that the Eleventh Circuit has described this approach as "intriguing" and "doctrinally attractive." (Id. at p. 5 (citing Flint v. Jordan, 514 F.3d 1165, 1167 (11th Cir. 2008)). However, the Eleventh Circuit has not adopted this position. Flint, 514 F.3d at 1167 ("As alluring as the government's theory may be, we have no occasion to decide whether we should embrace it."). In Bryant, the Court of Appeals rejected a related but different approach proposed by amicus counsel. Bryant, 738 F.3d at 1284. The court declined to hold that the savings clause should only apply to constitutional, as opposed to statutory, claims. Id. In so doing, the Eleventh Circuit indicated that there are some constitutional claims that could be heard under the savings clause because they could not "pass muster" under Section 2255(h). Id. ("Under amicus's reasoning, the savings clause in § 2255(e) cannot allow consideration of mere statutory claims because such claims could never be more serious than <u>the myriad constitutional claims that will not pass muster under § 2255(h)(2)</u>." (emphasis supplied)). Moreover, as a Court of Appeals judge who disagrees with Bryant's approach has observed, at this time, Bryant is this Circuit's binding precedent on the savings clause in the sentencing context. Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1275–76 (11th Cir. 2014) (Pryor, J., concurring) ("I agree that our prior panel precedent in [Bryant] governs our

Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999)); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014); Mackey v. Warden, FCC Coleman, 739 F.3d 657, 661–62 (11th Cir. 2014) (approving the Bryant test factors and concluding that petitioner had satisfied all prongs thereof).

A petitioner must satisfy all five of these requirements to obtain relief. Bryant, 738 F.3d at 1274. This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's Section 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC Coleman, 538 F. App'x 850, 852 (11th Cir. 2013) ("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim."). Moreover, "[t]he petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

The majority of Louissaint's Petition rehashes arguments that have previously been rejected by the Eleventh Circuit during his direct appeal and by the Middle District of Florida during his Section 2255 Petition. These claims have already been rejected, and they do not

---

analysis of this appeal. . . . But I write separately to explain why the rule contrived in Bryant is indefensible as a matter of textual interpretation."). The Eleventh Circuit has not indicated, through Bryant or any other case, that the applicability of Section 2255(e) hinges on whether the issue raised is "statutory" or "constitutional." Accordingly, this Court should proceed under Bryant rather than Respondent's suggested approach. Moreover, because Petitioner does not meet the Bryant factors, the Court need not address the more strict approach advanced by Respondent.

satisfy any of the Bryant steps. Accordingly, it is clear that this Court cannot hear these arguments through a Section 2241 Petition.

However, the portion of Louissaint's Petition which relies upon the Supreme Court's decision in Johnson requires further discussion. Under the third Bryant step, Louissaint must establish that the rule announced in Johnson applies retroactively to cases on collateral review. In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." ___ U.S. at ___, 135 S. Ct. at 2563.[5] The Eleventh Circuit has concluded "that Johnson announced a new substantive rule of constitutional law," but has "reject[ed] the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review." In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) (expressly rejecting the Seventh Circuit Court of Appeals' decision in Price v. United States, 795 F.3d 731 (7th Cir. 2015)).[6]

---

[5] The ACCA "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56. In Johnson, though the Court struck down the residual clause, it clarified that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id. at 2553.

[6] The Eleventh Circuit has reemphasized its stance that Johnson does not apply retroactively to cases on collateral review. In re Franks, ___ F.3d ___, No. 15-15456, 2016 WL 80551, at *2 (11th Cir. Jan. 6, 2016). The United States Supreme Court recently granted certiorari to decide the issue of retroactivity to resolve a split amongst the Circuits. Welch v. United States, No. 15-6418, ____ S. Ct. ____, 2016 WL 90594, at *1 (U.S. Jan. 8, 2016). Of course, if the Supreme Court finds Johnson not to be retroactive to cases on collateral review, then Louissaint could not satisfy the savings clause. Even if the Supreme Court finds Johnson to be retroactive, then it appears that the savings clause would not apply, because Louissaint has a remedy under 28 U.S.C. § 2255(h) to obtain permission from the Eleventh Circuit Court of Appeals to file a second or successive Section 2255 petition. In any event, the Court cautions Louissaint that, depending on the result in Welch, in order to obtain the relief he seeks, he may need to ultimately file a petition with the Eleventh Circuit Court of Appeals under 28 U.S.C. § 2255(h) to file a second or successive Section 2255 motion to attack the validity of his sentence. This Court expresses no opinion on the ultimate merits or success of that application or any resulting petition. However, the Court forewarns Louissaint that 28 U.S.C. § 2255(f) includes a one year period of limitation. For purposes of 28 U.S.C. § 2255(f)(3), the one-year limitations period begins running on the date the Supreme Court

I recognize that, in Rivero, the Eleventh Circuit did not address the retroactivity of Johnson in the context of the savings clause of Section 2255(e). Rather, the court addressed whether the petitioner could bring a second or successive petition under Section 2255(h)(2). The Court of Appeals stressed that, to satisfy Section 2255(h)(2), the Supreme Court must make the ruling of Johnson retroactive. Rivero, 797 F.3d at 989 ("Under section 2255(h)(2), the Supreme Court is the only entity that can make a new rule retroactive.") (quoting Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal citations and alterations omitted)). Further, the Eleventh Circuit previously emphasized that the retroactivity question under the savings clause of Section 2255(e) is "quite different from the stricter, statutory retroactivity requirements in 28 U.S.C. § 2255(h)." Bryant, 738 F.3d at 1278. Nevertheless, in Rivero, the Eleventh Circuit did not merely hold that the Supreme Court had not made Johnson retroactive. Rather, the court went on to hold that "the rule announced in Johnson does not meet the criteria the Supreme Court uses to determine whether the retroactivity exception for new substantive rules applies." Rivero, 797 F.3d at 989. Pertinently, when analyzing retroactivity in Rivero, the Court focused on the same factors that it discussed when analyzing retroactivity in Bryant. Compare Rivero, 797 F.3d at 989–90 and Bryant, 738 F.3d at 1277–78. Consequently, this Court and others have relied upon Rivero to find that Johnson does not apply retroactively even in the Section 2255(e) context. See Harris v. Warden, FCC Coleman Medium, No. 5:14-CV-173-OC-29PRL, 2015 WL 9460076, at *5 (M.D. Fla. Dec. 28, 2015) ("This Court is bound to follow [Rivero]. . . . While it may be that the Johnson decision will eventually allow for the filing of a second or successive § 2255 motion pursuant to § 2255(h)(2), Petitioner is not permitted to proceed with his § 2241 Petition to raise his Johnson-related arguments at this time."); Dixon v. Hastings, No. 2:14-cv-170, 2015 WL

---

decided the case which initially recognized the right being asserted, not from the date on which the right asserted is made retroactively applicable. Dodd v. United States, 545 U.S. 353, 357 (2005).

8489974, at *2 (S.D. Ga. Dec. 9, 2015) (finding Johnson not retroactive and, therefore, petitioner could not proceed on Section 2241 petition under the savings clause). In sum, that portion of Louissaint's Petition which relies upon Johnson is not based upon any retroactively applicable Supreme Court decision (at least in this Circuit), and, therefore, he cannot invoke Johnson to proceed under the savings clause of Section 2255(e).

Additionally, the mere fact that a Section 2255 motion is procedurally barred by Section 2255's statute of limitations or restriction on second or successive motions does not make the remedy afforded by Section 2255 "inadequate or ineffective" to trigger the savings clause. See Jones v. Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner "has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted)). Louissaint previously brought a direct appeal with the Eleventh Circuit and in his Section 2255 motion in the district of his conviction and was unsuccessful. In fact, Louissaint raised a similar issue on appeal as he does here—that his convictions for robbery should not be considered a qualifying offense for purposes of the ACCA.[7] In addition, Louissaint does not show that he was foreclosed from bringing his claims on previous occasions; rather, he shows only that his claims were unsuccessful.

---

[7] The Court need not address the relative merits of Louissaint's claims due to his failure to satisfy the savings clause. However, the Court notes Respondent's argument that Louissaint's underlying robbery convictions qualify as violent felonies under 18 U.S.C. § 24(e)(2)(B)(i), without resort to the residual clause in § 924(e)(2)(B)(ii). (Doc. 9, p. 6)

9

To the extent that Louissaint is attempting, through his instant Petition, to bring a second or successive Section 2255 motion pursuant to 28 U.S.C. § 2255(h), the Court should reject that effort for a host of reasons. Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Louissaint has not received any such certification from the Eleventh Circuit. Furthermore, even if he had obtained such permission, he would have to file his Section 2255 Petition in the Southern District of Florida, "the court which imposed the sentence." 28 U.S.C. § 2255(a). Moreover, Louissaint relies upon Johnson, which, as laid out above, the Eleventh Circuit has held not to apply retroactively. Thus, he does not fulfill the conditions to proceed under Section 2255(h).

Because Louissaint has not satisfied the requirements of Section 2255(e)'s savings clause, he cannot "open the portal" to argue the merits of his Section 22441 Petition. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005). Therefore, this Court does not have jurisdiction to entertain this Petition or address the parties' remaining arguments.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss (doc. 9), **DISMISS** Louissaint's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Louissaint and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA